IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                  CR. No. 20-01892 JCH

**JOSE CONDE-NAVARRO,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Jose Conde-Navarro's pro se *Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10* **(ECF No. 66)**, filed November 27, 2023. The Federal Public Defender declined to file a motion on behalf of Defendant **(ECF No. 68)**, and on May 15, 2024, the Government filed its Response **(ECF No. 69)**. Defendant did not file a reply. For the reasons stated herein, the Court will deny the motion.

### APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [(the "Commission")] pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting § 3582(c)(2)). When the Commission makes an amendment to the Federal Sentencing Guidelines (the "Guidelines") retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. However,

ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).

Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment). Beginning November 1, 2023, Amendment 821 to the Guidelines went into effect. In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility, including that the offender did not possess a firearm in connection with the offense and did not receive an adjustment for an aggravating role in the offense. *See id*. § 4C1.1(a)(7), (10). The Commission determined that the above changes should apply retroactively.

## **DISCUSSION**

After reviewing the Motion, the Response, and the record, the Court concludes that Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 because Defendant already received a sentence that is below the amended guideline range. The Government agrees that Part A of Amendment 821 technically does reduce Defendant's criminal history category. *See id*. § 4A1.1(e). Defendant's original sentence was based on a total offense level of 31 and criminal history category of IV. *See* Presentence Investigation Report ¶ 55, ECF No. 52. This resulted in a guideline imprisonment range of 151 to

188 months. *See id.* Pursuant to Part A of Amendment 821, Defendant no longer meets the criteria for the additional "status points" that he originally received, which had the effect of increasing his criminal history category from III to IV. Therefore, Defendant's criminal history category is now III instead of IV. A total offense level of 31 and a criminal history category of III results in a lower guideline imprisonment range of 135 to 168 months. However, the Court accepted the parties' plea agreement pursuant to Rule 11(c)(1)(C) and sentenced Defendant to 100 months, which is already below the amended range. No further relief is permissible, as courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A)). Accordingly, Defendant is ineligible for relief under Part A of Amendment 821.

Additionally, Defendant was assessed five criminal history points before the application of status points, so he is ineligible for the retroactive zero-point offender adjustment pursuant to Part B of Amendment 821.

Therefore, the motion is without merit and will be denied.

**IT IS THEREFORE ORDERED** that Defendant's pro se *Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10* **(ECF No. 66)** is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**